**Opinion filed July 26, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00106-CR
_____

## RAVEN LYNN SHELTON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR12997**

### MEMORANDUM OPINION

Raven Lynn Shelton pleaded guilty in June 2008 to the offense of theft. In accordance with a plea agreement, the trial court assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years and a fine of $1,000. However, the trial court suspended the imposition of the sentence and placed appellant on community supervision for a term of five years.

The State subsequently filed a motion to revoke community supervision, alleging numerous violations of the terms and conditions of appellant's community supervision. The trial

court considered the motion at a hearing conducted on March 20, 2012. Appellant entered a plea of "true" to all of the alleged violations at the outset of the hearing. Appellant also executed a stipulation of evidence wherein she judicially confessed to the alleged violations. After considering evidence pertaining to punishment, the trial court revoked appellant's community supervision and assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years and a fine of $1,000. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

This court advises appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


July 26, 2012                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1] By letter, this court granted appellant thirty days in which to exercise her right to file a response to counsel's brief.